UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA CLARISA HERNANDEZ,<br>Plaintiff,<br>v.<br>LUCKY FORTUNE, INC., et al.,<br>Defendants. | Case No. 16-cv-01775-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br>Re: Dkt. No. 86 |

## I. INTRODUCTION

This disability access case, which was brought under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"), is based on Plaintiff Alma Clarisa Hernandez's claim that Defendants refused to serve her during her March 23, 2016 visit to the Pho Bang Restaurant ("the Restaurant") because of her disability and in retaliation for her prior efforts to enjoy her rights under the ADA and the Unruh Act. Following an evidentiary hearing on the issue, the Court made a factual finding that Defendants did, in fact, deny service to Hernandez as alleged in her complaint. The parties subsequently entered into a settlement agreement that resulted in a Consent Judgment in favor of Hernandez and against Defendants. *See* Docket No. 85. Under the Consent Judgment, Defendants agreed to pay Hernandez $4,000 in statutory damages and to ensure that Hernandez will not be refused service at the Restaurant.[1] The

---

[1] Defendants in this action, Lucky Fortune, Inc., Vi Long Uong, and Tuan Khac Nguyen, obtained ownership of the Restaurant from Mega Fortune on September 15, 2015, eleven days after another court awarded Hernandez $49,635.15 in fees and costs against Mega Fortune in a prior disability access case involving the Restaurant in which she prevailed. The principal of Mega Fortune was Tuan Khac Nguyen. The principal of Defendant Lucky Fortune, Inc. is Nguyen's wife, Vi Long Uong. Hernandez contends the transfer was fraudulent and is pursuing a state court action to invalidate the transfer. Apparently the named Defendants in this action no longer own the Restaurant, having transferred ownership of the Restaurant a second time, this time to Uong's

parties were unable to agree with respect to the amount of attorneys' fees and costs and stipulated that Hernandez could bring a fee motion within ninety days of entry of the Consent Decree. *Id*.

Hernandez timely filed her Motion for Award of Attorneys' Fees, Costs and Litigation Expenses ("Motion") on November 2, 2017. In the Motion, Hernandez seeks $100,480.00 in attorneys' fees and $4,167.87 in costs. Motion at 14-16. Defendants' response was due on November 16, 2017. Defendants have filed no response and have not requested that the Court extend their deadline to respond. The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the January 19, 2018 motion hearing pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED.[2]

## II. ANALYSIS

### A. Legal Standard

Under the ADA, courts have the discretion to "allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Likewise, the Unruh Act provides that a defendant who discriminates in violation of the Act "is liable for . . . any attorneys' fees that may be determined by the court." Cal. Civ. Code § 52(a). A plaintiff who enters into a legally enforceable settlement agreement is considered a prevailing party. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002). Further, where a plaintiff obtains substantial relief on related claims asserted under the ADA and the Unruh Act, the court may award full fees under either law and need not distinguish between the fees awarded on each. *Johnson v. Iqbal*, No. 2:15-CV-00191-KJM-AC, 2016 WL 3407773, at *1 (E.D. Cal. June 21, 2016) (citing *El–Hakem v. BJY Inc.*, 415 F.3d 1068, 1075–76 (9th Cir. 2005); *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983))).

In determining the amount of reasonable fees, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

---

sister. According to Hernandez, Nguyen has been and continues to be the true owner and operator of the Restaurant at all relevant times.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b).

2

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of both the hours worked and the rates claimed. *Blum v. Stenson*, 465 U.S. 886, 896 (1984). There is "[a] strong presumption" that this "lodestar" amount represents a reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), supplemented, 483 U.S. 711 (1987).

Next, courts address whether the lodestar should be adjusted upward or downward based on factors not subsumed in the initial calculation of the lodestar that are listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The *Kerr* factors are:

1. The time and labor required;

2. The novelty and difficulty of the questions;

3. The skill requisite to perform the legal services properly;

4. The preclusion of other employment due to acceptance of the case;

5. The customary fee;

6. The contingent or fixed nature of the fee;

7. The limitations imposed by the client or the case;

8. The amount involved and the results obtained;

9. The experience, reputation, and ability of the attorneys;

10. The undesirability of the case;

11. The nature of the professional relationship with the client;

12. Awards in similar cases.

*Id*. (citing *Kerr*, 526 F.2d at 70). The Ninth Circuit has found that "[t]he lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Id*. The remaining *Kerr* factors may warrant an upward or downward adjustments, but such adjustments are appropriate only in "rare" and "exceptional" cases and must be supported by both "specific evidence" on the record and detailed findings by the lower court. *Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

3

**B. Discussion**

Because Hernandez obtained significant relief under the Consent Judgment, she is entitled to an award of attorneys' fees and costs. Therefore, the Court addresses the amount of reasonable fees and costs to which Hernandez is entitled.

**1. Attorneys' Fees**

Hernandez seeks $100,480.00 in attorneys' fees, which consists of the following amounts: 1) $920 for 2.3 hours of work by attorney Zachary Best at a rate of $400/hour; 2) $63,607.50 for 128.5 hours of work by Zachary Best at a rate of $495/hour; 3) $28,600 for 71.5 hours of work by attorney Tanya Moore at a rate of $400/hour; 4) $3,622.50 for 20.7 hours of work by paralegal Marejka Sacks at a rate of $175/hour; 5) $2,850 for 19 hours of work by paralegal Whitney Law at a rate of $150/hour; and 6) $880 for 7.4 hours of work by paralegal David Guthrie at a rate of $120/hour. Hernandez has supplied declarations by all of these individuals addressing their qualifications, as well as detailed time sheets showing the tasks for which these individuals billed. Below, the Court addresses the reasonableness of the amount sought for each individual.

    a. Zachary Best

Zachary Best has been a practicing attorney for twenty-four years. Best Decl. ¶ 2. He has devoted his entire career to civil rights and ADA cases, with the last twelve years devoted almost entirely to ADA cases. *Id*. He states in his declaration that the two rates used to calculate his fees in this case – $400/hour up to February 2017 and $495/hour thereafter – are the rates that he actually bills and that these rates are in line with those of attorneys practicing in the San Francisco Bay area. *Id*. ¶ 6. In support of the reasonableness of these rates, Plaintiff points to numerous cases in which courts have awarded comparable or higher hourly rates in ADA cases to attorneys who have not practiced as many years as Best has. *See Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496 YGR, 2015 WL 1886708, at *4 (N.D. Cal. Apr. 24, 2015) (finding in an ADA access case that a rate of $525/hour for work by an attorney with almost 20 years as a civil litigator, eight of which were devoted almost entirely to ADA claims, was a reasonable rate that was comparable to or lower than the rate awarded to attorneys with comparable or less experience in the Northern District of California and also concluding that "[i]n similar ADA cases, courts in the Northern

District have found that rates between $450 and $650 per hour represent reasonable rates for attorneys with skill, experience, and reputation similar to" the attorney in that case) (citing *Fortson v. Marriott Int'l, Inc.*, No. CV 11-01454 LB, 2013 WL 1832411, at *5 (N.D. Cal. May 1, 2013) (finding a rate of $450/hour reasonable in an ADA case where the attorney had been practicing for 14 years); *Ascencio v. ADRU Corp.*, No. C 12–04884 WHA, 2014 WL 204212, at *10 (N.D. Cal. Jan. 6, 2014) (awarding a rate of $500/hour in an ADA case that resulted in default judgment); *Armstrong v. Brown,* 805 F. Supp. 2d 918, 922 (N.D. Cal. 2011) (finding a rate of $530/hour reasonable for attorney of same graduation year as attorney in *Rodgers* and $560/hour reasonable for attorney with two years less practice experience); *Californians for Disability Rights v. California Dep't of Transp.,* No. C 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010) (awarding $570/hour and $650/hour in civil rights case to attorneys with between ten and eighteen years of practice)). The Court finds that Best's hourly rates are reasonable.

The Court has also reviewed the time sheets provided by Hernandez documenting the 130.8 hours Best spent on this case. According to Best, this time includes the time he spent on the instant Motion.[3] Best Decl. ¶ 7 & Ex. A (Best time sheets). It also included, among other things, preparing for and attending depositions of employees of the Restaurant, preparing for and attending the evidentiary hearing and engaging in settlement discussions. *Id*. Overall, the Court finds that the hours billed by Best are reasonable, particularly in light of Defendants' reluctance to settle this case and the lengthy negotiations that were required to eventually come to agreement. The Court finds the time spent preparing the fee motion (approximately 25 hours) to be somewhat excessive, however, in light of Best's extensive experience. Therefore, the Court reduces Best's time by five hours at his current rate of $495/hour, giving rise to a reduction in the lodestar of

---

[3] The Motion states that the fees requested do not include "fees incurred to defend this motion." Motion at 16. As the Best Declaration states that the hours listed therein are "inclusive of this motion," Best Decl. ¶ 2, the Court interprets the statement in the Motion to refer to time Hernandez's counsel anticipated would be spent on a Reply brief and appearing at the Motion hearing. As Defendants failed to file an Opposition brief, however, and the Court has vacated the Motion hearing, the time set forth in the Motion and the supporting Best Declaration reflects all of the time spent on the instant Motion.

5

$2,475.

### b. Tanya Moore

Tanya Moore has been practicing law for over seventeen years, eight of which have been devoted almost entirely to disability access litigation. Moore Decl. ¶ 3. She has prosecuted over 1,000 civil rights actions and numerous litigation matters through trial. *Id*. ¶¶ 2-3. Based on this experience and the case law discussed above, the Court finds that Moore's hourly rate of $400/hour is reasonable. The Court has also reviewed Moore's time sheets and finds the time billed to be reasonable. *See* Moore Decl., Ex. A (Moore time sheets).

### c. Marejka Sacks

Marejka Sacks is a senior litigation paralegal. Sacks Decl. ¶ 1. She has twelve years' experience as a paralegal of which seven have been devoted almost exclusively to cases brought under the ADA by persons with disabilities. *Id*. ¶ 2. The hourly rate of $175/hour for Sacks's time is in line with the rates charged in the Northern District of California for paralegals with comparable experience. *See Rodriguez v. Barrita, Inc*., 53 F. Supp. 3d 1268, 1279 (N.D. Cal. 2014)(awarding $175/hour for work of paralegal with "more than a decade" of experience); *Cruz v. Starbucks Corp*., No. C-10-01868 JCS, 2013 WL 2447862, at *7 (N.D. Cal. June 5, 2013) (awarding $175/hour for senior paralegal with eight years' experience). The Court has also reviewed Sacks's time sheets and finds the hours billed to be reasonable. Sacks Decl., Ex. A (Sacks time sheets).

### d. Whitney Law

Whitney Law is a paralegal with eight years of paralegal experience, four of which have been specialized in disability access litigation. Law Decl. ¶¶ 1-2. Based on the cases cited above, the Court finds that the hourly rate of $155/hour for Law's time is in line with or below the rates charged in the Northern District of California for paralegals with comparable experience. The Court has also reviewed Law's time sheets and finds the hours billed to be reasonable. Law Decl., Ex. A (Law time sheets).

### e. David Guthrie

David Guthrie is a paralegal with four years of paralegal experience and specializes in

disability access litigation. Guthrie Decl. ¶¶ 1-2. The Court finds that the hourly rate of $120/hour for Guthrie's time is in line with or below the rates charged in the Northern District of California for paralegals with comparable experience. *See, e.g., Ng v. US Bank, NA,* No. 15-CV-04998-KAW, 2016 WL 6995884, at *8 (N.D. Cal. Nov. 30, 2016) (finding that rate of $130/hour for paralegal with two years' experience was reasonable). The Court has also reviewed Guthrie's time sheets and finds the hours billed to be reasonable. Guthrie Decl., Ex. A (Guthrie time sheets).

  f. Conclusion

Based on the above, the Court finds that the lodestar in this case is $98,005. The Court further concludes that there are no *Kerr* factors that warrant an upward or downward adjustment of the lodestar amount, which the Court awards in full.

**2. Costs**

Hernandez seeks the following costs: 1) filing fee for Complaint ($400.00); 2) fee for service of Complaint on Lucky Fortune, Inc. ($30.50); 3) fee for service of Complaint on Vi Long Oung ($40.50); 4) fee for service of Complaint on Tuan Khac Nguyen ($48.00); 5) witness fee for Thuy Thu ($50.00); 6) witness fees for Nga Thanh Pham ($50.00); 7) witness fee for Nho Thi Phan ($50.00); 8) fee for service of subpoena on Thuy Thu Hunh ($73.00); 9) fee for service of subpoena on Nga Thanh Pham ($73.00); 10) fee for service of subpoena on Nho Thi Phan ($73.00); 10) court reporter costs for depositions of defendants and witnesses ($1,623.12); 11) translation services for depositions ($1,365); 12) fee for delivery of documents to Court for evidentiary hearing ($100.75); and 13) fee of Spanish interpreter for evidentiary hearing Motion at 14-15; Best Decl., Exs. A-P (invoices).

Civil Local Rule 54-3 sets forth costs that may be recovered by a prevailing party as a general matter. In addition, under the ADA a prevailing party may recover "litigation expenses," that is, out-of-pocket expenses "that would normally be charged to a fee paying client." *Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1036 (D. Or. 1996), aff'd sub nom. *Robins v. Scholastic Book Fairs, Inc.*, 116 F.3d 485 (9th Cir. 1997) (quoting *Harris v. Marhoefer*, 24 F.3d 16, 19–20 (9th Cir. 1994)). The Court finds that all of the expenses listed above fall into one of these two

categories and therefore are recoverable. Having reviewed the invoices provided by Hernandez, the Court further finds that these expenses are reasonable and were actually incurred. Therefore, the Court awards all of the costs listed above.

### III. CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Court awards $98,005 in attorneys' fees and $4,167.87 in costs.

**IT IS SO ORDERED.**

Dated: January 8, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge